UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| LUIS NAVARRO, | CV 21-05415-RSWL-MAAx |
|---|---|
| Plaintiff, | **ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |
| v. | |
| FCA US LLC, a limited liability company; and DOES 1 through 10, inclusive, | |
| Defendants. | |

    Plaintiff Luis Navarro ("Plaintiff") brings this Action against Defendant FCA US LLC ("Defendant") for alleged violations of the Song-Beverly Consumer Warranty Act. On July 2, 2021, Defendant removed the Action from the Superior Court of California, County of Ventura, to this Court.

    In its Notice of Removal, Defendant avers that the amount in controversy exceeds $75,000 based on the purchase price of the subject vehicle, civil penalties

1

sought by Plaintiff, and anticipated attorneys' fees. See Notice of Removal ("Removal") ¶¶ 17-21, ECF No. 1. With respect to civil penalties, however, Defendant states only that Plaintiff seeks a civil penalty of up to two times the amount of actual damages and that such a penalty would equal $120,367.68. Id. ¶ 17, 20. Because Defendant offers no support for including the civil penalty in the calculation of the amount in controversy, Defendant has not carried its burden to establish removal jurisdiction. See D'Amico v. Ford Motor Co., No. CV 20-2985-CJC (JCx), 2020 WL 2614610, at *3 (C.D. Cal. May 21, 2020) ("[C]ourts do not simply assume that a civil penalty will be awarded, and the removal statute is strictly construed against removal jurisdiction."); see also Castillo v. FCA USA, LLC, No. 19-CV-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) ("The civil penalty under California Civil Code § 1794(c) cannot simply be assumed.").

Similarly, with respect to attorneys' fees, Defendant states that fees "commonly exceed $35,000 in Song-Beverly cases." Removal ¶ 20. However, Defendant fails to explain how the facts and circumstances of those cases compare to those of the instant Action. Without such a comparison, the Court cannot simply assume that the services required here will lead to a fee of that amount. Accordingly, Defendant has not carried its burden to establish that any amount of attorneys' fees should be included in the amount in

1 | controversy determination.  See D'Amico v. Ford Motor
2 | Co., No. CV 20-2985-CJC (JCX), 2020 WL 2614610, at *4
3 | (C.D. Cal. May 21, 2020) (rejecting the same argument
4 | because defendant made "no effort to explain what amount
5 | of attorney fees might be sought or awarded in this
6 | case"); see also Fritsch v. Swift Trans. Co. of Ariz.,
7 | LLC, 899 F.3d 785, 794 (9th Cir. 2018) (explaining that
8 | although future attorneys' fees recoverable by statute
9 | should typically be included when assessing the amount
10 | in controversy, courts retain discretion to disregard a
11 | fee estimate where it is too speculative).
12 |     Based on the foregoing, the Court **ORDERS** Defendants
13 | to show, in writing, on or before November 8, 2021, why
14 | the amount in controversy exceeds $75,000.  The Action
15 | will otherwise be remanded.
16 |     **IT IS SO ORDERED.**
17 |
18 | DATED: October 22, 2021         /s/ Ronald S.W. Lew
19 |                          **HONORABLE RONALD S.W. LEW**
                             Senior U.S. District Judge

3