JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| LUIS NAVARRO, | CV 21-05415-RSWL(MAAx) |
|---|---|
| Plaintiff, | **ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT,** |
| v. | **COUNTY OF VENTURA** |
| FCA US LLC, a limited liability company; and DOES 1 through 10, inclusive | |
| Defendants. | |

On October 22, 2021, the Court ordered Defendant FCA US LLC ("Defendant") to show cause [12] why this Action should not be remanded to state court for a lack of subject matter jurisdiction. Specifically, the Court expressed concern over the Defendant's ability to establish that the amount in controversy exceeds $75,000. Defendant filed its response [16] on November 8, 2021.

In its Notice of Removal, Defendant avers that the

1

1  amount in controversy exceeds $75,000 based on the
2  purchase price of the subject vehicle and civil
3  penalties sought by Plaintiff.  See Notice of Removal
4  ¶¶ 19-20, ECF No. 1.  Defendant argues that the civil
5  penalty should be part of the present calculus because
6  Plaintiff's Complaint states he is entitled to civil
7  penalties totaling $120,367.68.  See Def.'s Resp. to OSC
8  4:14-21, ECF No. 16.  However, where a court questions a
9  defendant's assertion of diversity jurisdiction, the
10 defendant must provide evidence establishing that the
11 amount in controversy is met by a preponderance of the
12 evidence.  See Dart Cherokee Basin Operating Co., LLC v.
13 Owens, 574 U.S. 81, 89 (2014).
14     "The amount in controversy includes all relief
15 claimed at the time of removal to which the plaintiff
16 would be entitled if she prevails."  Chavez v. JPMorgan
17 Chase & Co., 888 F.3d 413, 418 (9th Cir. 2018).  Because
18 the Song-Beverly Act requires an additional showing of
19 willfulness to justify civil penalties, courts in the
20 Ninth Circuit have frequently required defendants to
21 show by a preponderance of the evidence that a civil
22 penalty will be awarded.  See, e.g., D'Amico v. Ford
23 Motor Co., No. CV 20-2985-CJC (JCx), 2020 WL 2614610, at
24 *3 (C.D. Cal. May 21, 2020) ("Courts do not simply
25 assume that a civil penalty will be awarded, and the
26 removal statute is strictly construed against removal
27 jurisdiction."); Barrett v. FCA US LLC, No. SA CV 21-
28 00243-DOC-DFMx, 2021 WL 1263838, at *4 (C.D. Cal. Apr.

5, 2021) (declining to include defendant's estimate of speculative civil penalties to meet the amount in controversy requirement); Ronquillo v. BMW of North Am., LLC, No. 3:20-cv-1413-W-WVG, 2020 WL 6741317, at *4 (S.D. Cal. Nov. 17, 2020) (excluding the civil penalty because defendant failed to provide analogous cases or identify allegations in the complaint indicating that the penalty will more likely than not be awarded).

Even if Plaintiff were to prevail on his underlying claim, Defendant points to no evidence or factually analogous cases suggesting that a civil penalty will more likely than not be awarded here.  It is not enough to assume that civil penalties will be awarded simply because Plaintiff states he is entitled to them in his Complaint.  See Conrad Associates v. Hartford Acc. & Indem. Co., 994 F. Supp. 1196, 1201 (N.D. Cal. 1998). For that reason, Defendant has not carried its burden of establishing removal jurisdiction.

Based on the foregoing, the Court **REMANDS** the Action to the Superior Court of California, County of Ventura.

**IT IS SO ORDERED.**

DATED: November 12, 2021        /s/ Ronald S.W. Lew
                                **HONORABLE RONALD S.W. LEW**
                                Senior U.S. District Judge